# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 6, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| ALAN ARCHER, | * | |
| | * | No. 15-656V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Adjustment of Attorney Rate; |
| | * | Undocumented Payment. |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Diana L. Stadelnikas*, Maglio Christopher & Toale, Sarasota, FL, for petitioner.
*Sarah C. Duncan*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 15, 2020, Alan Archer ("petitioner") filed a motion for interim attorneys' fees and costs, which is hereby **GRANTED.** Petitioner is awarded **$107,110.80** in interim attorneys' fees and costs.

## I.   Procedural History

On June 24, 2015, petitioner filed a timely petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that he developed transverse myelitis as a result of receiving a Tdap vaccination on August 7, 2012. *Id.* The case was assigned to my docket. *See* ECF No. 4. Petitioner filed medical records followed by a statement of completion on July 10, 2015. ECF Nos. 5-7. Following an initial status conference on

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

September 2, 2015, *see* Scheduling Order (ECF No. 8), petitioner filed additional medical records and a supplemental statement of completion on October 9, 2015.  ECF Nos. 9-11.

On November 9, 2015, respondent filed a status report advising that settlement discussions were not appropriate at that time.  ECF No. 12.  Pursuant to my scheduling order resulting from the initial status conference, petitioner was ordered to file an expert report.  After receiving several extensions of time, on October 24, 2016, petitioner filed an expert report from Agnes Jani-Acsadi, M.D. as well as her curriculum vitae (CV) and cited medical literature.  Pet. Exs. 18-47.  After receiving several extensions of time, on April 7, 2017, respondent filed a responsive report and supporting materials from Peter Donofrio, M.D., Resp. Exs. A-B, as well as respondent's report pursuant to Vaccine Rule 4(c).

During a status conference pursuant to Vaccine Rule 5 on May 4, 2017, I offered my preliminary view of the case and set forth questions to be addressed in supplemental expert reports.  Scheduling Order (ECF No. 33).  During a status conference requested by petitioner's counsel on October 12, 2017, petitioner's counsel advised that Dr. Jani-Acsadi had experienced a medical disability and would not be able to continue participating in the case.  Accordingly, petitioner was granted additional time to file a new expert's report.  Scheduling Order (ECF No. 39).

Petitioner filed an affidavit detailing his medical history in December 2018, Pet. Ex. 49, and updated medical records in February 2018, Pet. Exs. 50-51.  On March 12, 2018, petitioner filed the expert report and supporting materials of Matthew Imperioli, M.D., Pet. Exs. 52-57.  On August 9, 2018, respondent filed Dr. Donofrio's second report which responded to Dr. Imperioli.  Resp. Exs. C-F.  On September 19, 2018, I held another status conference in which I identified litigative risk on both sides and encouraged the parties to reach informal resolution.  Scheduling Order (ECF No. 53).

Respondent remained opposed to resolution and requested to file additional expert reports.  *See* Status Reports (ECF Nos. 58-59).  On February 25, 2019, respondent filed the second expert report of Dr. Donofrio as well as a report from a new expert in the case, Robert Fujinami, Ph.D.  Resp. Exs. G-H.  On July 18, 2019, petitioner filed Dr. Imperioli's second report.  Pet. Exs. 59-62.  During a status conference on August 12, 2019, the parties requested my current and tentative views regarding onset and diagnosis of petitioner's condition.  I subsequently provided those views in writing.  Scheduling Order (ECF No. 69).  Afterwards, respondent advised that he remained opposed to informal resolution and the parties requested a status conference to set further proceedings.  Status Reports (ECF Nos. 70-73).  During the status conference held on October 31, 2019, both parties confirmed that they were amenable to submitting briefs regarding petitioner's diagnosis and entitlement to compensation, after which I would issue a ruling on the record without need for a hearing.  Scheduling Order (ECF No. 74).

Accordingly, I set a schedule for petitioner to file a motion for a ruling on the record within 90 days, by January 29, 2020, followed by respondent's response within 60 days thereafter, and petitioner's reply if any within 20 days thereafter.  *Id.*  After receiving an extension of time, on March 2, 2020, petitioner filed his motion (accompanied by two additional pieces of medical literature).  ECF No. 76.

On April 15, 2020, petitioner filed a motion for interim attorneys' fees and costs.  Int. Fee App (ECF No. 78).  Petitioner requested $95,014.40 in attorneys' fees and $14,402.70 in attorneys' costs, totaling $109,417.10 in attorneys' fees and costs incurred to date.  The interim fee application includes petitioner's signed statement that he has not incurred any costs or paid a retainer to counsel, pursuant to General Order Number 9.  Pet. Ex. 69.

On April 27, 2020, respondent filed a response (ECF No. 79).  Respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs as set forth in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008)."  *Id.* at 2.  "With that exception, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.*  Respondent did not raise any specific objections to whether an interim award is available or the amounts requested in the interim fee application.  On April 27, 2020, petitioner filed a reply requesting that the fees and costs be awarded in full.  ECF No. 80.  This matter is now ripe for adjudication.

Of note, respondent was due to file a response to petitioner's motion for ruling on the record by May 1, 2020.  However, on respondent's motion, the deadline has been extended to June 15, 2020.  ECF No. 81; Order (Non-PDF) entered on April 30, 2020.

## II.   Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  I generally defer any award of interim

attorneys' fees and costs until all of these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

The present case was filed more than three years ago.  Petitioner now requests more than $30,000 in attorneys' fees and more than $15,000 in attorneys' costs, which are generally reasonable based on my knowledge of the case.  Petitioner has filed several expert reports and a motion for a ruling on the record, which will not be ripe for adjudication until at least July 2020.  In the event that petitioner is found entitled to compensation, the case will move into the damages phase which not uncommonly takes months or even a year to resolve.  Accordingly, I find that an interim fee award is appropriate at this time.

## III.    Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Avera*, 515 F.3d

at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id.*  This is known as the *Davis County* exception.  *See Hall v. Sec'y of Health & Human Servs.,* 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, the interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2015 – 2020 are made available on the Court's website.[3]

Petitioner requests that his attorney Diana Stadelnikas generally receive rates of $300 for work performed in 2015, $359 in 2016, $372 in 2017, $396.00 in 2018, $415 in 2019, and $440 in 2020.  These rates are in line with what has been previously awarded to Ms. Stadelnikas.  *See, e.g.*, *Pino v. Sec'y of Health & Human Servs.*, No. 18-1159v, 2020 WL 1900464 at *1 (Fed. Cl. Spec. Mstr. March 18, 2020) (approving her increased rate for work performed in 2020); *Campbell v. Sec'y of Health & Human Servs.*, No. 16-996v, 2019 WL 5887031 (Fed. Cl. Spec. Mstr. Oct. 21, 2019) (collecting cases).  I see no cause for adjustment from her typical rates.  However, on October 16, 2016, Ms. Stadelnikas billed a higher rate of $400.00 for 9.3 hours of work, related to an expert report and supporting medical literature.  Pet. Ex. 65 at 14, 32.  There is no rationale provided for why this increased rate is merited for these particular billing entries.  **Accordingly, I will award her regular 2016 rate of $359 per hour, which results in a deduction of $381.30 from the interim fee request.**

Petitioner requests that Altom Maglio, the named partner at the Maglio firm, receive an hourly rate of $389 related to meeting with petitioner in advance of conveying a demand in 2018.  Pet. Ex. 65 at 24-25, 32.  Petitioner requests that attorney Danielle Strait receive an hourly rate of $370 for reviewing Ms. Stadelnikas's draft motion for a ruling on the record before it was filed in 2020.  Pet. Ex. 65 at 30, 32.  Petitioner also requests various hourly rates for different paralegals' work from 2015 – 2020.  These rates are consistently awarded to the Maglio firm and I do not see cause for adjustment in this case.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed.  *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on May 6, 2020).

prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Here, petitioner's counsel and paralegals have billed 293.2 hours since accepting the case in April 2020. This includes time spent obtaining medical records, filing the case, working with two experts on a total of three reports, participating in several status conferences, and preparing a motion for a ruling on the record. The detailed billing records reflect that the attorney of record delegated appropriate tasks to paralegals and limited consultation with other attorneys at the firm. I find that that hours expended are adequately documented and reasonable. Accordingly, they will be compensated without adjustment.

### D. Costs

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioner requests $14,402.70 in interim attorneys' costs associated with filing the claim, obtaining medical records, and one in-person meeting with petitioner before conveying a demand. These are typical and reasonable costs within the Vaccine Program. *See generally* Pet. Ex. 66. The interim costs also include paying for Dr. Jani-Acsadi's bill for 6.5 hours at an hourly rate of $450, for a total invoice of $2,925.00. Pet. Ex. 66 at 1, 29-30. Based on my review of her report and curriculum vitae, I find that this is a reasonable request for Dr. Jani-Acsadi. Her invoice does reflect a total of $2,925.00, but petitioner has only submitted a copy of a check for $1,000.00. Petitioner has not provided documentation that counsel paid an additional $1,925.00 to Dr. Jani-Acsadi or her employer, the University of Connecticut. Costs cannot be reimbursed without proper documentation. **Accordingly, the interim cost request is reduced by $1,925.00.**[4]

Dr. Jani-Acsadi was subsequently replaced in the case by another neurologist affiliated with the University of Connecticut, Dr. Imperioli. For his completion of two reports, he billed 19 hours at an hourly rate of $500.00 per hour, for a total request of $9,500.00. His invoices are adequately detailed and reasonable based on my past review of the expert reports. Petitioner's counsel's payment to Dr. Imperioli as also adequately documented. Pet. Ex. 66 at 1-2, 43, 44-45, 56-57. Accordingly, these costs will be awarded without adjustment.

## IV.    Conclusion

In accordance with the foregoing, petitioner's motion for *interim* attorneys' fees and costs is **GRANTED**. Interim attorneys' fees and costs are awarded as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $ 95,014.40 |
| (Adjustment to 2016 Rate) | - $   381.30 |

---

[4] Petitioner will most likely have the opportunity to file a motion for *final* attorneys' fees and costs in the future. At that time, counsel is permitted to provide any additional documentation of further payment for Dr. Jani-Acsadi's work on the case, and that will be considered.

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$94,633.10** |
| | |
| Attorneys' Costs Requested | $14,402.70 |
| (Adjustment for Undocumented Payment) | - $1,925.00 |
| **Attorneys' Fees Awarded** | **$12,477.70** |
| | |
| **Attorneys' Fees and Costs Awarded** | **$107,110.80** |

Accordingly, the following is awarded:

1) **A lump sum in the amount of $107,110.80 representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and his attorney Diana L. Stadelnikas.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

   **IT IS SO ORDERED.**

                                        **s/Thomas L. Gowen**
                                        Thomas L. Gowen
                                        Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).