# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 28, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
ALAN ARCHER,                            *        UNPUBLISHED
                                        *
                Petitioner,             *        No. 15-656V
                                        *        Special Master Gowen
v.                                      *
                                        *        Attorneys' Fees and Costs
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                Respondent.             *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Diana L. Stadelnikas*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.
*Sarah C. Duncan*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 15, 2021, Alan Archer ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 98). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$17,499.55.**

### I.        Procedural History

On June 24, 2015, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a tetanus-diphtheria-acellular pertussis vaccination on August 7, 2012, he suffered from transverse myelitis. *See* Petition (ECF No. 1). On March 3, 2020, Petitioner filed a motion for a ruling on the record. After the matter was fully brief, on May 27, 2021, I issued my decision dismissing the petition for insufficient proof. (ECF No.

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

94).

On July 15, 2021, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation for his attorney, Ms. Diana Stadelnikas, in the total amount of $17,499.55, representing $17,361.00 in attorneys' fees and $138.55 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of this claim. Fees App. Ex. 3. Respondent reacted to the fees motion on July 19, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 99). Petitioner filed a reply on July 21, 2021, reiterating his belief that the requested attorneys' fees and costs are reasonable. (ECF No. 100).

The matter is now ripe for adjudication.

II.   **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, I had previously found that the claim was filed in good faith and had reasonable basis in awarding Petitioner interim attorneys' fees and costs on May 6, 2020. (ECF No. 82). Although Petitioner's claim was eventually dismissed, the work performed from when Petitioner filed for interim fees until the close of the case was also reasonable and necessary. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of his attorney, Ms. Diana Stadelnikas: $440.00 per hour for work performed in 2020, and $470.00 per hour for work performed in 2021. These rates are consistent with what Ms. Stadelnikas as previously been awarded for her Vaccine Program work, and I find them to be reasonable for the work performed in the instant case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries accurately describe the work being performed and the length of time it took to perform each task and Respondent also has not identified any particular

entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $17,361.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $138.55, representing acquisition of medical records. Fees App. Ex. 2. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III.   Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $17,361.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$17,361.00** |
| | |
| Attorneys' Costs Requested | $138.55 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$138.55** |
| | |
| **Total Attorneys' Fees and Costs** | **$17,499.55** |

**Accordingly, I award a lump sum in the amount of $17,499.55, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and his attorney, Ms. Diana Stadelnikas[3].**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master